Benton v. Yurann.

---

## J. O. BENTON v. JOSEPH YURANN.

### No. 398.

1. ACCOUNT STATED—*Limitation of Action—Variance in Proof.*
The petition alleged a payment on an account stated, so as to take it out of the bar of the statute of limitations, and the evidence, which was not objected to, showed the indorsement of plaintiff's note by defendant, and the payment thereof by him to the bank. *Held*, not to be such a variance as to entitle the defendant to a new trial thereon.

2. —————— *Payment of Creditor's Note.* Where the plaintiff, for the purpose of raising money at the bank, executed his note to the defendant, which was indorsed by the defendant and by the plaintiff discounted at the bank, and said note was, after it became due, paid to the bank by the defendant under an agreement that he would do so, and that the amount should be credited on his account to plaintiff, *held*, that said sum was a proper credit on said account, of the date it was so paid to to the bank.

Error from Pottawatomie district court; WILLIAM THOMSON, judge. Opinion filed January 4, 1899. Affirmed.

*Smith & Badgley*, for plaintiff in error.

*Codding & Challis*, and *Valentine, Godard & Valentine*, for defendant in error.

20—8 KAN. APP.

Benton v. Yurann.

The opinion of the court was delivered by

WELLS, J.:    This action was originally brought in the district court of Pottawatomie county on an account stated, and a partial payment and absence from the state were pleaded as reasons why the statute of limitations had not run thereon.   In answer, the defendant denied everything generally and specifically as set up in the petition, and alleged that he was a resident of the state of Kansas for more than fifteen years prior and up to November, 1894, and that plaintiff's cause of action did not accrue within three years prior to November, 1894.   To this a general denial was filed by the plaintiff in reply.   On the issues thus joined, the case was tried to the court and a jury.   The jury returned a verdict for the plaintiff, and judgment was rendered accordingly for the plaintiff against the defendant for $972.41, and the sale of the property therein attached was ordered, subject to the first and prior lien of the First National Bank of Westmoreland, Kansas.   To reverse this judgment the defendant below brings the case here for review.

It is contended by the plaintiff in error that the court erred:  (1) In not sustaining his demurrer to the evidence of the plaintiff below;  and (2) in not sustaining his motion for a new trial on account of the error first alleged, and for the additional reason that the preponderance of the whole evidence in the case was in favor of the plaintiff in error.   As to the proposition last above stated, it has been so often before the supreme court, and so uniformly held that in cases like this the reviewing court will not weigh conflicting evidence, that we do not think it necessary to discuss it further.   This leaves but the single question, Was there sufficient evidence presented by the

Benton v. Yurann.

plaintiff below to authorize the jury to find in his
favor? It is first contended by the plaintiff in error
that there is a fatal variance between the allegations
of the petition and the proof in this : The petition
alleged a payment by the defendant to the plaintiff,
on April 1, 1892, of $173.50, to apply as a credit on
the account, while the evidence showed that on May
23, 1891, the defendant owed the plaintiff on an ac-
count stated $939.60. In September, 1891, the plain-
tiff needed some money and called on the defendant
for it on the account, and was told to get it at the
bank and the defendant would pay it. A note was
given at the bank, on which the money was drawn.
After this note became due and repeated notices had
been received by the plaintiff, he finally, about April
1, 1892, prevailed on the defendant to pay it, and
credited on the account the sum of $138.50. We do
not think this variance fatal. Plaintiff in error con-
tends, next, that no payment of the note described by
plaintiff was shown. The plaintiff testified concern-
ing a note given by him to the bank or to Pomeroy,
guaranteed by Benton, and the note in fact was made
payable to Benton and indorsed by him to the bank ;
simply a different but very common way of arriving
at the same result. The third contention is not ma-
terially different from the second, and we think that
the payment was sufficiently proved and identified.

The next contention is that the ''payment by Ben-
ton was not voluntary.'' We do not think this con-
tention is sustained by the evidence. It appears that
Benton was being urged to pay the account, at least
partially, and agreed on this way of doing it, and
when the note was paid by him it amounted to the
payment of that sum on the account. Nor is the
position tenable that the payment would date from

the time when Benton indorsed the note. It is not sought in this case to avoid the running of the statute by a promise in writing but by a payment, and this payment was made at the time Benton paid Yurann's note at the bank. This is not a case where the debtor gave a bill or note on account of a debt. Until its payment by Benton the note represented an indebtedness of Yurann and after said payment Benton held it as an evidence of so much paid on his liability to the plaintiff.

From all of the evidence in this case, we are of the opinion that the judgment is fully supported by the evidence and there was no such error committed by the trial court as entitles the defendant to a new trial. The judgment of the district court will be affirmed.